# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRK A. PERKINS, : | |
|     Plaintiff  : | |
| : | CIVIL ACTION NO. 1:CV--08-1651 |
| v.  : | |
| : | (Judge Kane) |
| : | |
| CHARLES A. STASKIEWICZ, : | |
| JOHN BROWN and JEFFREY  : | |
| MILLER,  : | |
|     Defendant  : | |
| : | |

## MEMORANDUM

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 5.) The motion has been fully briefed and is ripe for disposition. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.   BACKGROUND**

The following facts are accepted as true for the purposes of Defendants' Motion to Dismiss. In 2004, Lorien A. Mickelson filed, through her counsel, a complaint with the Pennsylvania State Police alleging that Kirk Perkins ("Perkins"), a Pennsylvania State Police Trooper, had falsified certain documents. (Doc. No. 1 ¶ 8.) Defendant Charles Staskiewicz ("Staskiewicz"), also a Pennsylvania State Police Trooper, was assigned to investigate the matter. (Doc. No. 1 ¶ 9.) On February 8, 2006, Staskiewicz filed a criminal complaint against Perkins alleging that Perkins committed the criminal offenses of forgery and tampering with records or identification. Defendants John Brown ("Brown"), Deputy Commissioner of State Police, and

Jeffrey Miller ("Miller"), Commissioner of State Police, authorized the complaint. (Doc. No. 1 ¶ 10.) Perkins was arrested on those charges and suspended without pay from his duties. (Doc. No. 1 ¶ 10.)

Prior to trial, the forgery charges were withdrawn. (Doc. No. 1 ¶ 12.) On September 12, 2006, Perkins was acquitted of the remaining charges. (Doc. No. 1 ¶ 12.) Perkins alleges that Defendant Staskiewicz authored the criminal complaint knowing that he lacked probable cause to make an arrest and that his co-defendants permitted him to do so. (Doc. No. 1 ¶ 11.) In Count I, Perkins claims that as a result of his arrest and prosecution, he was deprived of his right to be free from malicious prosecution and his right to due process of law, as guaranteed by the Fourth and Fourteenth Amendments. (Doc. No. 1 ¶ 22.) In Count II, Plaintiff brings two state law claims against Defendants: abuse of process and malicious prosecution.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Indeed, the Supreme Court has recently held that while this standard does not require "detailed factual allegations," there

must be a "'showing,' rather than a blanket assertion of entitlement to relief . . . '[F]actual allegations must be enough to raise a right to relief above the speculative level'" in order to survive a 12(b)(6) motion to dismiss. Phillips v. County of Allegheny, 515 F.3d 224, 231-32 (3d Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)).

### III.   DISCUSSION

Plaintiff asserts that Defendants Staskiewicz, Miller, and Brown violated his Fourth and Fourteenth Amendment rights by maliciously prosecuting him. Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted for two reasons. First, Defendants argue that a plaintiff cannot bring a § 1983 malicious prosecution claim based on the Fourteenth Amendment. Second, Defendants argue that Plaintiff has failed to allege that he was subject to a seizure. In their motion to dismiss, Defendants also allege a failure of service of process, but that issue has become moot.[1]

With regard to the state law claims, Defendants argue that Plaintiff is barred from these claims by sovereign immunity and further, that he has failed to allege sufficient facts to support an abuse of process claim. The Court will address each count in turn.

**A.   Count I**

**1.   Perkins' Fourteenth Amendment § 1983 claim**

Defendants argue that Plaintiff's malicious prosecution theory does not give rise to an independent claim under the Fourteenth Amendment. Plaintiff does not dispute this in his brief in

---

[1]The Court was notified in a telephone conference on January 16, 2009, that all parties had been formally served within the time provided for by Federal Rule of Civil Procedure 4.

opposition, thus he is deemed to concede in the argument.[2] Moreover, in Albright v. Oliver, a plurality opinion, the Supreme Court held that "it is the Fourth Amendment, and not substantive due process, under which petitioner Albright's [malicious prosecution] claim must be judged." 510 U.S. 266, 271 (1994) (stating a reluctance to expand the principles of substantive due process and holding that a right to be free from prosecution without probable causes exists under the Fourth Amendment, which has "relevance to the deprivations of liberty that go hand in hand with criminal prosecutions."). While the Third Circuit has held that the Albright opinion should be read narrowly, and does not require "that a malicious prosecution claim [] only be based in a Fourth Amendment violation," it does appear that malicious prosecution claims cannot be brought under the substantive due process provision of the Fourteenth Amendment. Torres v. McLaughlin, 163 F.3d 169, 173 (3d Cir. 1998) ("Accordingly, a section 1983 malicious prosecution claim may also include police conduct that violates the Fourth Amendment, the procedural due process clause or other explicit text of the Constitution.").

Plaintiff does not allege facts upon which the Court could, even if not waived, find a procedural due process violation. Therefore, because Plaintiff has waived the argument and cannot bring a § 1983 malicious prosecution claim under the substantive due process provision of the Fourteenth Amendment, Plaintiff's § 1983 Fourteenth Amendment claim is dismissed.

    **2.**    **Perkins' Fourth Amendment § 1983 claim**

Plaintiff also claims that Defendants' actions constitute a Fourth Amendment violation for malicious prosecution. Although it is undisputed that charges were filed against Plaintiff and

---

[2] Middle District of Pennsylvania Local Rule 7.6 provides that when a party fails to file a responsive brief to a motion, that party shall be deemed not to oppose the motion.

that he was arrested, Defendants claim that because Plaintiff has failed to allege that he was subject to any seizure, his Fourth Amendment claim must also be dismissed.

To state a claim for Fourth Amendment malicious prosecution in a § 1983 action, a plaintiff must show that "(1) the defendant initiated a criminal proceeding; (2) the proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the proceeding." DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). Therefore, Plaintiff must do more than allege the common law tort; he must allege facts sufficient to establish a violation of the Fourth Amendment's prohibition against unreasonable seizures. Mantz v. Chain, 239 F.Supp. 2d 486, 501 (D.N.J. 2002). Additionally, while an arrest does constitute a seizure within the meaning of the Fourth Amendment, Terry v. Ohio, 392 U.S. 1, 16, (1968), such a seizure must be made without probable cause and pursuant to some legal process to serve as the foundation for a malicious prosecution claim. Id.; Heck v. Humphrey, 512 U.S. 477, 484 (1994) (stating that a malicious prosecution claim "permits damages for confinement imposed pursuant to legal process"); Nieves v. McSweeney, 241 F.3d 46, 54 (1st Cir. 2001) ("The tort of malicious prosecution permits damages for a deprivation of liberty–a seizure–pursuant to legal process.") (emphasis omitted).

In the case at bar, Plaintiff alleges that Defendants authorized and initiated a criminal complaint against him knowing that probable cause did not exist for his arrest. He further alleges that such action "result[ed] in Perkins' wrongful seizure and arrest." (Comp. ¶ 10.) Although the complaint fails to describe the circumstances surrounding Perkins' arrest, including how long he

was detained, he alleges sufficient facts that, when taken as true and viewed in the light most favorable to him, state a claim that he suffered a seizure within the meaning of the Fourth Amendment as the result of legal process. Therefore, Defendants' motion to dismiss Plaintiff's § 1983 malicious prosecution claim brought under the Fourth Amendment is denied.

### B.    Count II

Plaintiff claims that Defendants' conduct constituted malicious prosecution and abuse of process under Pennsylvania law. Defendants argue that Plaintiff's state law claims must be dismissed because they are barred by the doctrine of sovereign immunity. Defendants also argue that Plaintiff has not pled sufficient facts for his abuse of process claim.[3]

#### 1.    Immunity

Defendants first argue that Plaintiff's allegations of malicious prosecution must be dismissed due to sovereign immunity. The Pennsylvania General Assembly has expressly stated that it does not intend to waive the sovereign immunity of the Commonwealth and its agencies and employees, in cases other than the nine specifically enumerated situations, none of which apply here. 1 Pa. Con. Stat. Ann. § 2310. This is a broad statute that encompasses Commonwealth employees in both their official and individual capacities, as long as they are "acting within the scope of their duties." Id. This Court has recently held that "[c]onduct of an employee is within the scope of employment if it is of a kind and nature that the employee is employed to perform; it occurs substantially within the authorized time and space limits; it is actuated, at least in part, by a purpose to serve the employer." Larsen v. State Employees'

---

[3]Because Plaintiff's § 1983 claim remains, the Court has supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c).

Retirement System, 553 F.Supp.2d 403, 420 (M.D.Pa. 2008); Fitzgerald v. McCutcheon, 410 A.2d 1270, 1272 ( Pa. Super. Ct. 1979).

Based on the Complaint, there are no allegations to support the contention that Defendants Brown and Miller were acting outside the scope of their employment, and therefore sovereign immunity applies. Plaintiff alleges only that they authorized the complaint against Perkins for forgery and tampering with records of identification. (Doc. No. 1 ¶ 10.) Plaintiff has not alleged that Defendants Brown and Miller were acting outside the scope of their employment in approving the complaint against Perkins. Accordingly, Defendants Brown and Miller are covered by sovereign immunity and Count II will be dismissed as it pertains to those two defendants.

The same cannot be said, however, for Defendant Staskiewicz. Plaintiff alleges Staskiewicz conducted a knowingly flawed investigation and arrested him despite personal knowledge that he had insufficient evidence to support a finding of probable cause for the arrest. (Doc. No. 1 ¶ 11.) While properly investigating complaints made to the police department would fall within the scope of his employment, the same cannot be said for conducting a purposefully flawed investigation. Pansy v. Preate, Shoop v. Dauphin County, and Pickering v. Sacavage, cases cited by Defendants, all support the proposition that a mere failure to have probable cause in effectuating an arrest does not prevent the application of sovereign immunity when the officer's actions otherwise fall within the scope of his employment. 870 F.Supp. 612 (M.D.Pa. 1994); 766 F.Supp. 1327 (M.D.Pa. 1991); 642 A.2d 555 (Pa. Commw. Ct. 1994). However, those cases are all distinguishable from the allegations made by Perkins because in none of those cases was there an allegation that the defendant officer knowingly or purposefully made an arrest

without probable cause. See Pansy, 870 F.Supp. at 615-16; Shoop, 766 F.Supp. at 1334; Pickering, 642 A.2d at 560. Here, Plaintiff alleges that Defendant Staskiewicz arrested Plaintiff knowing that the investigation was flawed and that he lacked probable cause to make the arrest. Staskiewicz' knowledge that he was making an unlawful arrest is important because it takes conduct that would have been within the scope of his employment as a police officer—investigating complaints and making arrests—outside the scope of employment because it no longer serves the interests of the employer.

Of course, Defendant Staskiewicz' knowledge of the lack of probable cause in his affidavit is a question of fact to be determined at summary judgment or trial, but because Plaintiff has adequately alleged he made a purposefully illegal arrest, the motion to dismiss with regard to Defendant Staskiewicz on the basis of sovereign immunity must be denied. Therefore, the Court finds that Count II is dismissed as against Defendants Miller and Brown on the basis of sovereign immunity, but not as against Defendant Staskiewicz.

### 2. Abuse of Process Claim

To state a claim for abuse of process under Pennsylvania law, a plaintiff must state that the defendant: "employs it for some unlawful object, not the purpose which is intended by the law to effect; in other words, a perversion of it." McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987). Abuse of process claims are distinguished from malicious use of civil process claims in that abuse of civil process claims are concerned with perversion of a civil process *after it is issued*, whereas malicious use of civil process claims have to do with the wrongful initiation of such process. Id.

As it stands, Plaintiff has not provided facts to support a claim of abuse of process.

Plaintiff alleges that the criminal proceedings were unlawfully entered into, but makes no mention as to any occurrences or actions on behalf of Defendant Staskiewicz[4] which demonstrate the essential element of the tort—a frustration of the legal proceedings once commenced. In fact, the Complaint admits that the forgery charge was withdrawn, which indicates, if anything, an attempt to proceed only with the legitimate charges leveled against Plaintiff. (Doc. No. 1 ¶ 12.) No perversions of the legal process or actions relating to the legal proceedings are alleged.

Accordingly, the abuse of process claim against Defendant Staskiewicz is dismissed. The only remaining claim in Count II of Plaintiff's complaint is the malicious prosecution claim against Defendant Staskiewicz.

### C. Leave to Amend

In this circuit, plaintiffs alleging civil rights violations are entitled to amend their complaint if doing so would not be futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247 (3d Cir. 2007). Here, Plaintiff alleges that he could amend his complaint to demonstrate that the "the criminal prosecution process [was used] to effectuate the private (pecuniary and vindictive) goals of the Plaintiff's ex-wife." (Doc. No. 8 at 5.) With more factual allegations regarding the circumstances of the civil process, and how it was used to further goals other than the just application of the law, Plaintiff may be able to state a proper claim for abuse of process. For this reason, leave to amend is granted.

### IV. CONCLUSION

For the foregoing reasons, the Court holds that the motion to dismiss is denied with

---

[4] Given the Court's holding that sovereign immunity applies to Defendants Brown and Miller, the Court need only discuss the claim with regard to Defendant Staskiewicz.

respect to the Fourth Amendment claim in Count I but granted as to the Fourteenth Amendment claim. Regarding Count II, the motion is granted for Defendants Brown and Miller, but granted in part and denied in part as to Defendant Staskiewicz; the claim for malicious prosecution remains as against Defendant Staskiewicz, but the claim for abuse of process is dismissed. Plaintiff is given leave to amend.

    An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIRK A. PERKINS,<br>　　　Plaintiff<br><br>　　v.<br><br><br>CHARLES A. STASKIEWICZ,<br>JOHN BROWN and JEFFREY<br>MILLER,<br>　　　Defendant | :<br>:<br>:　CIVIL ACTION NO. 1:CV--08-1651<br>:<br>:　(Judge Kane)<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

**AND NOW,** this 13th day of March 2009, upon consideration of Defendants' motion to dismiss Plaintiff's complaint (Doc. No. 5), **IT IS HEREBY ORDERED THAT** the motion is granted in part and denied in part as follows:

 1. Plaintiff's § 1983 claim of malicious prosecution under the Fourteenth Amendment against all Defendants is **dismissed**.

 2. Plaintiff's § 1983 claim of malicious prosecution under the Fourth Amendment against all Defendants is **not dismissed.**

 3. Plaintiff's state law abuse of process and malicious prosecution claims against Defendants Brown and Miller are **dismissed.**

 4. Plaintiff's state law abuse of process claim against Defendant Staskiewicz is **dismissed.**

 5. Plaintiff's state law malicious prosecution claim against Defendant Staskiewicz is **not dismissed**.

 6. Plaintiff is given leave to amend his complaint within thirty (30) days.

7. Defendants' motion to dismiss for failure of service of process is dismissed as moot.

                                                   __s/ Yvette Kane_____
                                                   Chief Judge Yvette Kane
                                                   United State District Court
                                                 Middle District of Pennsylvania